FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 12, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY FIELDS,<br><br>          Plaintiff,<br><br>  vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>          Defendant. | No. 1:17-cv-03058-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 15, 16 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. The parties consented to proceed before a magistrate judge. ECF No. 8. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants, in part, Plaintiff's motion (ECF No. 15) and denies Defendant's motion (ECF No. 16).

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER - 1

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The

party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his limitations, 20 C.F.R. §§ 404.1545(a)(1);

416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff protectively filed an application for Title II disability insurance benefits and Title XVI supplemental security income benefits on July 5, 2013, alleging a disability onset date of December 31, 2009. Tr. 211-23, 234. The applications were denied initially, Tr. 141-56, and on reconsideration, Tr. 159-70. Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ) on June 30, 2015. Tr. 45-83. At this hearing, Plaintiff amended his alleged date of onset to October 1, 2011. Tr. 49-51. On July 31, 2015, the ALJ denied Plaintiff's claim. Tr. 21-36.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 1, 2011. Tr. 24. At step two, the ALJ found Plaintiff has the following severe impairments: coronary artery disease and chronic bronchitis. *Id*. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 29. The ALJ then concluded that Plaintiff has the RFC to perform light work, with the following non-exertional limitations:

> [H]e can frequently balance and climb ramps and stairs. The claimant has no limitation [in] stooping, kneeling, crouching or crawling. He

can occasionally climb ladders, ropes and scaffolds. The claimant is limited to frequent reaching, handling and fingering with the left upper extremity. He should avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, poor ventilation and hazards such as moving machinery and unprotected heights.

Tr. 29. At step four, the ALJ found that Plaintiff is not able to perform relevant past work. Tr. 34. At step five, the ALJ found that there are other jobs that exists in significant numbers in the national economy that Plaintiff could perform within his assessed RFC, such as cashier II, production assembler, and cleaner housekeeping. Tr. 35. On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act during the adjudicative period. *Id.*

On January 25, 2017, the Appeals Council denied review, Tr. 1-6, making the Commissioner's decision final for purposes of judicial review. *See* 42 U.S.C. 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 15. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;

2. Whether the ALJ properly weighed lay witness statements;

3. Whether the ALJ made a proper step two determination; and

4. Whether the ALJ properly weighed Plaintiff's symptom claims.

ECF No. 15 at 4.

**DISCUSSION**

**A.    Medical Opinion Evidence**

Plaintiff contends the ALJ erred by failing to consider the opinion of Sandra Elsner, LCSW, and by improperly weighing the opinions of David Lindgren, M.D. and Vengopal Bellum, M.D.  ECF No. 15 at 4-13.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.*  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by

substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray,* 554 F.3d at 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

### 1.    *Ms. Elsner*

On May 11, 2012 Sandra Elsner, LCSW completed a Documentation Request for Medical or Disability Condition for the Washington State Department of Social and Health Services (DSHS). Tr. 531-34. On the form, Ms. Elsner stated that Plaintiff had major depressive disorder and opined that Plaintiff was unable to participate in work activities or activities related to preparing for and looking for work by checking the box next to the number zero as the total number hours Plaintiff could perform these activities. Tr. 531. She stated that Plaintiff "reports problems being around people and constant rumination about past, present, and future which likely interferes with ability to participate in work activities." *Id*. She opined that Plaintiff's condition should be reassessed in six to twelve months. Tr. 533.

Ms. Elsner does not qualify as an acceptable medical source. *See* 20 C.F.R. §§ 404.1502, 416.902.[1] (Acceptable medical sources are licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists.). An ALJ is required to consider evidence from non-acceptable medical sources. 20 C.F.R. §§ 404.1527(f), 416.927(f).[2] An ALJ must give reasons "germane" to each source in order to discount evidence from non-acceptable medical sources. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

The ALJ's decision fails to address Ms. Elsner's opinion by name, by exhibit, or by date. Tr. 21-36. As Plaintiff's treating mental health counselor, Mr. Elsner's opinion constituted relevant and probative evidence that the ALJ was required to discuss. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must explain the rejection of all relevant and probative evidence). Considering Ms. Elsner's opinion was not reflected in the RFC determination, it

_____

[1] Prior to March 27, 2017, the definition of an acceptable medical source was located at 20 C.F.R. §§ 404.1513, 416.913.

[2] Prior to March 27, 2017, the requirement that an ALJ consider evidence from non-acceptable medical sources was located at 20 C.F.R. §§ 404.1513(d), 416.913(d).

was rejected without comment, which is error.  20 C.F.R. §§ 404.1527(f),

416.927(f).[3]  Defendant asserts that any error from the ALJ's failure to address Ms.

Elsner's opinion is harmless for three reasons: (1) her opinion addresses an issue

reserved to the ALJ; (2) she opined the condition was temporary; and (3) she is not

an acceptable medical source.  ECF No. 16 at 9-11.  These reasons are insufficient

to support a finding of harmless error.

      First, Defendant asserts that Ms. Elsner's opinion addresses an issue

reserved to the ALJ, so her opinion "added noting material to the analysis."  ECF

No. 16 at 9.  Defendant is accurate that whether or not a claimant is disabled is an

issue reserved for the ALJ and is, therefore, not a medical opinion and not due any

special significance.  20 C.F.R. §§ 404.1527(d); 416.927(d).  However, Ms.

Elsner's opinion addressing the hours Plaintiff would be capable of performing

basic work activities are considered functional opinions and must be addressed by

_____

    [3] Prior to March 27, 2017, the requirement to address non-acceptable

medical sources was reflected in S.S.R. 06-03p, 2006 WL 2329939 (August 9,

2006), which required Social Security to consider "all relevant evidence in the case

record," including medical sources who were not considered acceptable medical

sources.

the ALJ. *See Hill*, 698 F.3d at 1160 (a treating physician's statement that the claimant would be "unlikely" to work full time was not a conclusory statement like those described in 20 C.F.R. §§ 404.1527(d), 416.927(d)).

Second, Defendant asserts that the opined limitations were temporary, and therefore did not meet the durational requirement for disability. ECF No. 16 at 10. Ms. Elsner did not state how long she expected Plaintiff's condition to last, but stated that he should be reassessed in six to twelve months. Tr. 533. Despite Plaintiff's assertions otherwise, the opinion gives no indication that Plaintiff's impairments were expected to improve, it simply provided treatment recommendations and a recommendation to reassess Plaintiff in the future. Tr. 531-34. As such, the ALJ was required to address the opinion and make a determination as to whether the impairments met the durational requirements. Any assertion at this point that the opinion failed to meet the durational requirements is a *post hoc* rationalization, which cannot be considered by this Court. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [she] did not rely.").

Third, Defendant asserts that Plaintiff is not an acceptable medical source, therefore, the ALJ's determination to discount Plaintiff's testimony is sufficient to discount Ms. Elsner's opinion. ECF No. 16 at 10-11 (citing *Molina*, 674 F.3d at

1117). However, the holding in *Molina* only addressed lay witness testimony, not the opinion of a non-acceptable medical source. 674 F.3d at 1117. Here, Ms. Elsner was Plaintiff's treating mental health counselor, Tr. 410, 416, 426-27, 432-36, and the code recognizes situations in which a treating non-acceptable medical source's opinion as to a claimant's functional ability may outweigh the opinion of an acceptable medical source and specifically requires the ALJ to articulate the weight given to such opinions. 20 C.F.R. §§ 404.1527(f), 416.927(f).[4] Therefore, in this case, the Court will not extend the holding in *Molina* to this treating non-acceptable medical source. The ALJ's error in failing to address Ms. Elsner's opinion was harmful and the case is remanded for the ALJ to properly address the opinion.

### 2. *Dr. Lindgren*

Dr. Lindgren completed three opinions, one on February 26, 2014, Tr. 402-04, and two on March 10, 2015, Tr. 521-23, 539-41. In the February 26, 2014 opinion, Dr. Lindgren opined that Plaintiff would have to lay down about an hour per day due to back pain. Tr. 402. He further opined that if employed at a forty hour a week schedule, Plaintiff would miss four or more days per month due to his medical impairments and stated he was "severely limited," which was defined as

---

[4] Prior to March 27, 2017, this requirement was reflected in S.S.R. 06-03p.

"[u]nable to lift at least 2 pounds or unable to stand and/or walk."  Tr. 403.

Additionally, he limited Plaintiff's handling and reaching with the left upper

extremity to occasional.  *Id*.  He opined that these limitations had been present

since 1994.  Tr. 404.

The first of the March 10, 2015 opinions appears to be the same February

26, 2014 opinion with the treatment and signature dates changed to March 10,

2015.  Tr. 521-23.  The second March 10, 2015 opinion is contained on a DSHS

form, which concluded that Plaintiff is "Severely limited," which was also defined

as "[u]nable to lift at least 2 pounds or unable to stand or walk."  Tr. 539-41.

Despite the ultimate conclusion being the same in the two March 10, 2015

opinions, Dr. Lindgren also found that Plaintiff had a decreased ability to lift, that

he cannot sit or stand for long periods, and that he experienced exertional dyspnea

on the DSHS form.  Tr. 539.  He then limited Plaintiff to zero hours per week for

participating in work, looking for work, or preparing for work.  *Id*.  Additionally,

Dr. Lindgren found that Plaintiff's condition was permanent.  Tr. 540.

When addressing Dr. Lindgren's opinions, the ALJ only addressed the

opinions expressed on the identical February 26, 2014 and March 10, 2015 forms

and gave them "very little weight."  Tr. 33.  The ALJ failed to address the March

10, 2015 opinion expressed on a DSHS form.  *Id*.  Considering the ALJ's decision

is being remanded to address an undiscussed opinion from a non-acceptable

medical source, the ALJ is further instructed to readdress all three of Dr.

Lindgren's opinions specifically on remand.

   *3.      Dr. Bellum*

   On January 8, 2010, Dr. Bellum completed a DSHS form opining that

Plaintiff could not sit or stand for prolonged periods and could not lift over ten

pounds. Tr. 306. He limited Plaintiff to sedentary work and stated that he could

perform zero hours of work related activities, including attending educational or

vocational classes. *Id*. He stated that Plaintiff's condition would likely limit his

ability to work for twelve months. Tr. 307. The ALJ gave the opinion "no weight"

because it was considered in connection with Plaintiff's prior claim for disability,

which she declined to reopen, and it was predicated on chronic pain and coronary

artery disease which Plaintiff failed to take medication to treat. Tr. 33.

   Defendant is accurate in the assertion that the Ninth Circuit has found that

medical opinions predating the alleged onset date are of limited relevance. ECF

No. 16 at 8 (citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165

(9th Cir. 2008)). Nonetheless, this case is being remanded for the ALJ to address

medical opinions that limited Plaintiff's RFC in a similar fashion. *See supra*.

Therefore, the ALJ is instructed to address this opinion anew on remand.

**B.      Lay Witness Testimony**

Next, Plaintiff contends the ALJ improperly discounted the statements

provided by his neighbor, Betty Alsup.  ECF No. 15 at 13-15.  An ALJ must

consider the testimony of lay witnesses in determining whether a claimant is

disabled.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).

Lay witness testimony regarding a claimant's symptoms or how an impairment

affects the ability to work is competent evidence and must be considered by the

ALJ.  If lay testimony is rejected, the ALJ "must give reasons that are germane to

each witness."  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing

*Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

The ALJ considered testimony from Plaintiff's neighbor, Betty Alsup, and

gave it little weight because her reports of Plaintiff's reduced activity and pain

were inconsistent with the medical evidence showing a refusal to accept a

prescription for pain medication and a failure to seek medical care for his aliments.

Tr. 34.  Because remand is necessary in this case for the ALJ to properly address

the medical source opinions, the ALJ is further instructed to address this lay

witness testimony upon remand.

**C.      Step Two**

Plaintiff contends the ALJ's improperly failed to identify spinal conditions,

leukocytosis, and mental health impairments as severe impairments at step two.

ECF No. 15 at 15-18. Plaintiff bears the burden to establish the existence of a severe impairment or combination of impairments, which prevents him from performing substantial gainful activity, and that the impairment or combination of impairments lasted for at least twelve continuous months. 42 U.S.C. § 1382c(a)(3)(A). However, step two is "a de minimus screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

The ALJ found that Plaintiff had no medically determinable back or neck impairment, stating that "[t]he medical records show relatively few complaints of back pain and there are no imaging studies showing any degenerative/arthritic back condition." Tr. 24. A physical or mental impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and "under no circumstances may the existence of an impairment be established on the basis of

symptoms alone." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citing S.S.R. 96-4p, 1996 WL 374187 (July 2, 1996)) (defining "symptoms" as an "individual's own perception or description of the impact of" the impairment).

Plaintiff cites to a January 25, 2011 treatment note in which Dr. Bellum refers to an MRI showing mild degenerative disk disease and mild facet arthrosis. ECF No. 15 at 15 (citing Tr. 615). However, the record does not include any of the imaging reports. At the hearing, Plaintiff testified that Dr. Bellum was the provider who ordered the MRI in 2011. Tr. 52. Additionally, Plaintiff cited locations in the record where providers noted restricted range of motion in Plaintiff's neck and back, tenderness with palpation, muscle spasms, and a decreased pulse in the left foot. ECF No. 15 at 15. Most notable of these citations include findings from Dr. Lindgren that upon examination Plaintiff had a decreased range of motion in his neck and a significantly weaker left upper extremity when compared to the right. Tr. 551, 560-61.

Since the case is being remanded for the ALJ to address opinion evidence in the record, the ALJ is further instructed to gather the 2011 imaging reports, if possible, and make a new step two determination regarding whether or not Plaintiff's back and neck impairments constitute a medically determinable impairment and, if so, whether such impairment is severe.

Additionally, Plaintiff challenges the ALJ's determination that Plaintiff's leukocytosis and depression were medically determinable impairments, but found that they did not constitute severe impairments. ECF No. 15 at 16-18; Tr. 25, 27. Since the decision is being remanded to address medical opinions in the record, including the opinion of Plaintiff's mental health counselor, Ms. Elsner, the ALJ is directed to readdress all of Plaintiff's alleged impairments at step two, including his depression.

**D.     Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were specific, clear and convincing in "discrediting" Plaintiff's subjective testimony. ECF No. 15 at 18-20.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p, 2016 (WL 5180304 (October 25, 2017)). Therefore, in light of the case being remanded for the ALJ to address the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements is necessary.

**E.     Remand**

Plaintiff urges the Court to remand for immediate award of benefits. ECF

No. 15.  To do so, the Court must find that the record has been fully developed and further administrative proceedings would not be useful.  *Garrison v. Colvin*, 759 F.3d 995, 1019-20 (9th Cir. 2014); *Varney v. Sec. of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988).  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated.  Further proceedings are necessary for the ALJ to properly weigh the opinions in the record, make a new step two determination, and properly address Plaintiff's symptom claims.  The ALJ is instructed to supplement the record with any outstanding evidence, including the 2011 MRI of Plaintiff's hips and back addressed above, and take testimony from a medical, a psychological, and a vocational expert at a remand hearing.

## CONCLUSION

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (**ECF No. 15**) is **GRANTED**, in part, and the matter is **REMANDED** to the Commissioner for additional

proceedings consistent with this order.

2. Defendant's Motion for Summary Judgment (**ECF No. 16**) is **DENIED.**

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order, enter

**JUDGMENT FOR THE PLAINTIFF,** provide copies to counsel, and **CLOSE**

**THE FILE.**

DATED February 12, 2018.

s/ *Mary K. Dimke*
Mary K. Dimke
United States Magistrate Judge
